UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIEDRA WARREN, BRIAN THOMPSON, and CHARLIE KEY, on their own behalf and on behalf of a class of those similarly situated, | ) ) ) ) |
| Plaintiffs, | ) No. 1:13-cv-1049 JMS-DKL ) |
| v. | ) ) |
| TOWN OF SPEEDWAY; UNKNOWN JANE and JOHN DOES, members of the Speedway Police Department, in their individual capacities, | ) ) ) ) ) |
| Defendants. | ) |

**Memorandum in Support of Motion for Class Certification**

**I.    Introduction**

On the day of the most recent Indianapolis 500 race, May 26, 2013, the Town of Speedway implemented an operation where its police officers seized the Marion County taxi-operator licenses of approximately 80 drivers who were attempting to transport race attendees. (*See* Attached Declaration of Diedra Warren). The seizures were not justified or reasonable and violated the Fourth Amendment to the United States Constitution. Additionally, the seizures were attended by no procedural protections whatsoever and therefore also violated the due process clause of the Fourteenth Amendment.

The plaintiffs in this case, three of the drivers whose taxi-operator licenses were seized, bring this action on their own behalf and on behalf of a class of those similarly situated pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure to obtain declaratory relief and to obtain compensation for their loss of income and other damages. The class is defined very simply as:

> All licensed taxi operators whose taxi operator licenses were seized by Speedway employees on May 26, 2013

"A party seeking class certification must affirmatively demonstrate his compliance with the Rule." *Wal-Mart Stores, Inc. v. Dukes,* − U.S. − , 131 S.Ct. 2541, 2551 (2011). However, a plaintiff does not have to demonstrate likelihood of success on the merits. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). Of course, this does not preclude the Court from looking behind the factual allegations that must be proven to support the class, *Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675-76 (7th Cir. 2001), but not the merits. All the requirements of Rule 23(a) and (b)(3) are met in this case and the class should be certified with the three named plaintiffs as class representatives.[1]

## II. The class meets the numerosity requirement

The numerosity requirement of Rule 23(a)(1) does not establish a "strict numerical test for determining impracticability of joinder." *In re American Medical Sys Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). Instead, the "numerosity requirement requires examination of the specific facts of each case." *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980). However, "'as few as 25-30 class members should raise a presumption that joinder would be impracticable and thus the class should be certified.'" *Donovan v. St. Joseph Co. Sheriff,* No. 3:11-CV-133-TLS, 2012 WL 1601314, *2 (N.D. Ind. May 3, 2012) (quoting *Equal Employment Opportunity Comm'n v. Printing Industry,* 92 F.R.D. 51, 53 (D.D.C. 1981)). Thus, it is well-established that "[a] relatively small group may form a class if other considerations make joinder impracticable." *See*

---

[1] In *Damasco v. Clearwire Corporation*, 662 F.3d 891, 896 (7th Cir. 2011), the Seventh Circuit held that class action plaintiffs should "move to certify the class at the same time that they file their complaint [because] [t]he pendency of that motion protects a putative class from attempts to buy off the named plaintiffs." To permit class action plaintiffs appropriate time to develop and discover facts that may be needed to support class certification, the Seventh Circuit directed that "[i]f the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Id.* (collecting cases).

*Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56 (N.D. Ill. 1996) (quoting *Patrykus v. Gomilla*, 121 F.R.D. 357, 361 (N.D. Ill. 1988)).

Immediately after her taxi-operator's license was seized, plaintiff Deidra Warren was informed by an employee of the Speedway Police Department that 80 taxi drivers had their taxi-operator licenses seized on May 26. (See Attached Declaration of Diedra Warren ¶ 15). This number can easily be confirmed by discovery. A class of 80 persons is certainly "so numerous that joinder of all members is impracticable." Rule 23(a)(1), Fed. R. Civ. P. *See, e.g., Henderson v. Thomas*, 289 F.R.D. 506, 510 (M.D. Ala. 2012) ("But this still leaves approximately 80 HIV+ inmates who are eligible for a work-release transfer, a number that easily satisfies Rule 23(a)(1)."); *Elizarri v. Sheriff of Cook Co.*, No. 07 C 2427, 2011 WL 247288, *3 (N.D. Ill. Jan. 24, 2011) ("In addition, as the court previously noted, '[E]ven if the class is only half its currently proposed size [then 80], it is sufficiently numerous (and makes joinder sufficiently impracticable) to satisfy the numerosity requirement.'"); *Cuzco v. Orion Builders, Inc.*, 262 F.R.D. 325, 333 (S.D.N.Y. 2009) (In a case alleging that improper wages had been paid the plaintiffs claimed that the class consisted of 80 persons and defendants conceded that it had 67 persons in it. "Based on the number of potential plaintiffs, considerations of judicial economy arising from a single suit, and the low probability of any other individual suits, the Court finds that Plaintiffs satisfy Rule 23(a)'s numerosity requirement."); *Gillis v. Hoechst Celanese Corp.*, No. 90-5542, 1992 WL 68333, *6 (E.D. Pa. Apr. 1, 1992) ("With at least 80 members, the proposed class clearly satisfies the numerosity requirement.").

Moreover, the size of each driver's claim here, arising primarily from the failure to have a taxi-operator license for at least two to three days, is relatively small. "[T]he size of prospective class members' individual claims is relevant to the numerosity inquiry because in circumstances

where there are numerous prospective claimants with small claims, a class action allows those individuals to pursue their claims without incurring litigation costs that would overwhelm their potential recoveries." *Gross v. U.S.*, 106 Fed. Cl. 369, 375 (Fed. Cl. 2012). The relatively small claims here further support a finding of numerosity.

**III.      The class presents common questions of law or fact**

Rule 23(a)(2) requires that the proposed class present common questions of law or fact. This requires that the claims of the plaintiff and the class "depend upon a common contention . . . of such a nature that it is capable of classwide resolution." *Wal-Mart v. Dukes,* 131 S.Ct. at 2551. Courts have found that a common policy or scheme applied to all members of a class fulfills the requirement of Rule 23(a)(2). *See, e.g.*, *Fujishima v. Bd. of Educ.*, 460 F.2d 1355 (7th Cir. 1972); *Like v. Carter*, 448 F.2d 798 (8th Cir. 1971); *Jones v. Blinzinger*, 536 F. Supp. 1181, 1189 (N.D. Ind. 1982).

Distinctions in the facts of individual class members' claims do not preclude a finding that the commonality requirement is met. *Patterson v. General Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980). Rather, a "common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992). A common nucleus of fact is typically found where "defendants have engaged in standardized conduct towards members of the proposed class." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998).

In this case all the members of the putative class and the named plaintiffs were subject to the identical course of conduct – their taxi-operator licenses were seized by Speedway personnel on the same date and in the same general location. This presents a common question of fact and the question of whether or not this course of conduct is lawful is a common question of law

uniting the class. *See, e.g., Cancel v. City of Chicago,* 254 F.R.D. 501, 508 (N.D. Ill. 2008) (finding commonality met where all members of the class had vehicles seized and had storage and towing fees assessed because "[c]ommon questions of law include whether City had a legal basis to retain the vehicles . . . and whether putative class members received due process").

## IV. The typicality requirement is met

Rule 23(a)(3) requires that the claims of the representative parties be typical of those of the class. The standard for determining typicality is not that there need be identity of interest between the named plaintiffs and the class that they seek to represent, but rather that there be a "'sufficient homogeneity of interest.'" *Jones*, 536 F. Supp. at 1190 (quoting *Sosna v. Iowa*, 419 U.S. 393, 403 n.13 (1975)). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983) (citation and internal quotation omitted). The typicality requirement is satisfied "when all members of the class would benefit from the named plaintiffs' action." *Gulino v. Bd. of Educ.*, 201 F.R.D. 326, 332 (S.D.N.Y. 2001) (citing *Cutler v. Perales*, 128 F.R.D. 39, 44 (S.D.N.Y. 1989)).

The named plaintiffs meet this requirement. They seek a declaration that the actions of the defendants were unlawful and seek damages on their own behalf and on behalf of all class members. A favorable judgment will therefore benefit both the named plaintiffs and all class members. Furthermore, there are no unique problems precluding the named plaintiffs from pursuing their claims. They are therefore typical of the class they seek to represent. *See*, *e.g., Cortigiano v. Oceanview Manor Home For Adults*, 227 F.R.D. 194, 206 (E.D.N.Y. 2005) (noting that the commonality and typicality requirements "tend to merge because both serve as

guideposts for determining whether . . . the named plaintiff's claim and the class claims are so inter-related that the interests of the class members will be fairly and adequately protected in their absence" (internal citations and quotations omitted)); *Cancel*, 254 F.R.D. at 509 (typicality met even where class members had "factual distinctions" because all members' claims had th"'same essential characteristics'" and arose "'from the same event or practice or course of conduct that gives rise to the claims of other class members and [the plaintiff's] claims are based on the same legal theory'") (quoting *De La Fuene v. Stokely-Van Camp, Inc.,* 713 F.2d225, 232-33 (7th Cir. 1983), *Arreola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008)).

## V. The requirement that the plaintiffs will fairly and adequately protect the class's interests is also met

Rule 23(a)(4), the "adequacy" requirement, mandates that the class representative's interest and his counsel's be such that they can and will vigorously pursue the class's interests as well as their own. *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012); *Hohmann v. Packard Instrument Co.*, 399 F.2d 711, 713-14 (7th Cir. 1968). The Court can take judicial notice that plaintiffs' counsel have represented numerous plaintiffs and plaintiff classes in class actions and can form its own conclusions as to counsel's competency.[2] Plaintiffs seek a declaration that the actions of the defendants were unconstitutional and appropriate damages for themselves and the class. Clearly, this relief "is not inconsistent in any way with the interests of the members of the class." *Jones*, 536 F. Supp. at 1190. The plaintiffs have a stake in the proceedings that will "insure diligent and thorough prosecution of the litigation." *Rodriguez v. Swank*, 318 F.Supp. 289, 294 (N.D. Ill. 1970), *aff'd*, 403 U.S. 901 (1971). The adequacy requirement is therefore met.

## VI. The further requirements of Rule 23(b)(3) are met in this case

---

[2] This Court should also appoint counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

Rule 23(b)(3) allows for class certification where the class proponents demonstrate that all the requirements of Rule 23(a) are met and the court further determines that "the questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The Rule further specifies that:

[t]he matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997). "In this respect, the predominance requirement of Rule 23(b)(3) is similar to the requirement of Rule 23(a)(3) that 'claims or defenses' of the named representatives must be 'typical of the claims or defenses of the class.'" *Id.* at 623 n.18.

The common questions of fact and law here revolve around the uniform seizure of the taxi-operator licenses of the plaintiffs and the putative class. The factual circumstances are common to all and, more importantly, the seizures present the identical legal question – was this a lawful seizure? *See Cancel*, 254 F.R.D. at 511–12 ("the predominant question that applies across all classes is whether challenged City policies and practices are valid") (citing *Young v. County of Cook*, No. 06 C 552, 2007 WL 1238920, at *7 (N.D. Ill. Apr. 25, 2007)).

The only potential evidence that may vary from class member to class member is the actual amount of the damages occasioned by the seizures. In this case, those damages consist primarily of the lost income suffered by a group of local taxi drivers who were deprived of their operators' licenses for a period of several days, an amount which can easily be established. *See Comcast Corporation v. Behrend*, — U.S.—, 133 S.Ct. 1426, 1433-36 (2013) (class certification failed because plaintiffs' expert proposed multiple models for damages that did not match the claims remaining in the case at the time of class certification). "The *Comcast* decision does not infringe on the long-standing principle that individual class member damage calculations are permissible in a certified class under Rule 23(b)(3)." *Munoz v. PHH Corp.*, No. 1:08-cv-0759-AWI-BAM, 2013 WL 2146925, at *24 (E.D. Cal. May 15, 2013); *see also Martins v. 3PD, Inc.*, No. 11-11313-DPW, 2013 WL 1320454, at *8 n.3 (D. Mass. Mar. 28, 2013) (*Comcast* does not "foreclose the possibility of class certification where some individual issues of the calculation of damages might remain, as in the current case, but those determination will neither be particularly complicated nor overwhelmingly numerous."); *Messner v. Northshore University HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012) ("[i]t is well established that the presence of individualized questions regarding damages does not prevent certification under Rule 23(b)(3)."); *Wal-Mart v. Dukes*, 131 S.Ct. at 2558 ("individualized monetary claims belong in Rule 23(b)(3)"); *Arreola*, 546 F.3d at 801 ("Although the extent of each class member's personal damages might vary, district judges can devise solutions to address that problem if there are substantial common issues that outweigh the single variable of damages amounts" and therefore "the need for individual damages determinations does not, in and of itself, require denial of [plaintiff's] motion for certification.").

Individual damages may easily be determined here on a classwide basis attributable to plaintiffs' single theory of liability and should not be a time consuming or difficult process. "[O]nly in rare, extreme cases would individual issues of damages be so complex as to defeat class certification under Rule 23(b)(3)." *Messner*, 669 F.3d at 815. Therefore, Plaintiffs can ascertain classwide damages directly attributable to their liability case and any individual damages calculations do not alter the point that the factual circumstances are common to all and that the seizures present the identical legal question of whether the seizure was lawful. Common issues predominate.

A review of the pertinent factors listed in Rule 23(b)(3) further illustrates the appropriateness of this case for certification of a class action. The putative class members have no interest in individually controlling the prosecution of separate actions. As noted above, the claims are relatively small and the costs of individual litigation might discourage the filing of individual claims. The key in this action is determining that defendants are liable and each individual class member has no separate interest in prosecuting this issue. Further, to the best of counsel's knowledge there is no other litigation filed concerning the May 26, 2013 seizures. This is a relatively small class with all class members located in this forum and it presents no particular management difficulties. The class can easily be notified as the Town of Speedway is aware of the names and addresses of all class members asit issued parking tickets to all of them.

In this case common questions predominate and the class action is superior to numerous individual lawsuits as a method for fairly and efficiently adjudicating the controversy. Therefore, the case should be certified as a class action pursuant to Rule 23(b)(3).

**VII.  Conclusion**

For the foregoing reasons the plaintiffs' motion for class certification should be granted.

/s/ *Kenneth J. Falk*
Kenneth J. Falk
No. 6777-49
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4059 ext. 104
kfalk@aclu-in.org


/s/ *Richard Shevitz*
Richard E. Shevitz
No. 12007-49


/s/ *Lynn A. Toops*
Lynn A. Toops
No. 26386-49A
Cohen & Malad, LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204
317/636-6481
fax: 317/636-2593
rshevitz@cohenandmalad.com
ltoops@cohenandmalad.com

**Certificate of Service**

I hereby certify that a copy of the foregoing was served on the below named persons, by first-class U.S. postage, pre-paid, on this 5th day of July, 2013.

Town of Speedway
1450 N. Lynhurst Dr.
Speedway, IN 46224

Unknown Officers John and Jane Does
Speedway Police Department
1410 N. Lynhurst Dr.
Speedway, IN 46224

/s/ *Kenneth J. Falk*
Kenneth J. Falk
Attorney at Law